UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
:
HEY JUDE PRODUCTIONS, INC.,  :
:
                       Plaintiff,  :
:   Case No.: 1:18-cv-01763-CM
    -against-  :
:
TAMAR SIMON and MEAN STREETS  :
MANAGEMENT  :
:
                     Defendants.  :
:
:
:
:
---------------------------------------------------------------x

**MOTION TO REMAND ACTION TO STATE COURT**

    Plaintiff Hey Jude Productions, Inc. ("Hey Jude") respectfully seeks an Order pursuant to 28 U.S.C. § 1447 remanding this case back to the Supreme Court of the State of New York, County of New York.

    Hey Jude filed this action in New York State court on January 17, 2018, stating a claim for conversion. *See* Dkt. No. 2 (Complaint) (annexed to Notice of Removal). The Complaint seeks the return of $17,400, which Defendant Tamar Simon and her consultancy, Mean Streets Management, diverted from one of Hey Jude's vendors without Hey Jude's knowledge or authorization.[1] The Complaint also seeks $50,000 in punitive damages. *Id*.

---

[1] Simon's conduct is also the subject of a criminal action filed by the Manhattan District Attorney's office on January 10, 2018 (*NY v. Simon*, New York Criminal Court Case No.: 2018NY002995) (Class D Felony).

The Defendants – who have appeared *pro se*, but are assisted by an attorney named Antony Hilton ("Hilton") – filed a Notice of Removal on February 26, 2018.[2]  *See* Dkt. No. 2. Although Hey Jude's Complaint seeks a total of $67,400 in damages (inclusive of compensatory and punitive damages), the Defendants asserted in their Notice of Removal that the amount in controversy exceeds $75,000.  *Id.*  The Defendants made this assertion on the grounds that the Complaint's *ad damnun* clause contains a general claim for attorneys' fees.  *Id.*

On March 1, 2018, Hey Jude emailed the Defendants and Hilton, alerting them to case law in this jurisdiction that a general claim for attorneys' fees cannot be used to satisfy the amount in controversy requirement unless such attorneys' fees are recoverable pursuant to a statute or contractual provision.  *See* March 3, 2018 Declaration of Joshua E. Abraham, Exhibit 1 (citing *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, 166 F.Supp.2d 740, 755 (E.D.N.Y. 2001) ("The Second Circuit has held that attorney's fees may be used to satisfy the amount in controversy only where they are recoverable as of right pursuant to statute or contract.") (citing *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266 (1972)) (the "March 1st Email"). Hey Jude requested that the Defendants and Hilton identify such a statute or contractual provision.

Rather than responding to the March 1st Email or withdrawing their Notice of Removal, the Defendants filed an Amended Notice of Removal on the following day.  *See* Dkt. No. 8.  In their Amended Notice, the Defendants abandoned their original basis for removal, and quickly asserted a new basis for this Court's jurisdiction.  The Amended Notice of Removal asserts that the amount in controversy requirement is satisfied because the Complaint allegedly seeks the

---

[2] After filing their Notice of Removal, the Defendants filed an Answer with Counterclaims seeking unspecified compensatory damages and over $25 million in punitive damages from Hey Jude.  *See* Dkt. No. 7, pp. 21-22.

return of unspecified "valuable company property," in addition to $17,400 in compensatory damages, and $50,000 in punitive damages. *Id.* Placing what appears to be an arbitrary value of $25,000 on this unidentified "company property," the Defendants now claim that the Complaint seeks at least $92,400 in damages. *Id.*, p. 2

The Complaint, however, does not seek the recovery of <u>any</u> company property aside from $17,400, which the defendants wrongfully diverted from one of Hey Jude's vendors. The Complaint, on its face, seeks the return of only these specified funds. *See* Complaint, ¶¶ 17-21. As such, this action should be remanded back to state court. The amount in controversy requirement for federal court subject matter jurisdiction under 28 U.S.C. § 1332 is plainly not met.

Hey Jude is also entitled to its attorney's fees incurred in filing this motion pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

The Defendants – who are advised by counsel[3] – had no original grounds for removal, and simply contrived new grounds for removal just one day after receiving the March 1st Email. There is no objectively reasonable basis for the Defendants' new-found assertion that the Complaint seeks $92,400 in damages, and their hasty filing of the Amended Notice of Removal just one day after receiving the March 1st Email demonstrates the tactical, rather than substantive nature of these proceedings. Accordingly, the Court should require the Defendants' payment of Hey Jude's attorney's fees incurred in connection with this motion. *See Segal v. Varonis Systems, Inc.*, 601 F. Supp. 2d 551, 555 (S.D.N.Y. 2009) (McMahon, U.S.D.J.) ("An award of attorney's fees is warranted under 28 U.S.C. § 1447(c) because Defendants had no reasonable

---

[3] All of the Defendants' pleadings are signed by Defendant Tamar Simon, as "*pro se*, prepared with the aid of counsel admitted in New York" – *i.e.*, Hilton.

basis for seeking removal.") (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.")).

Dated: New York, New York
March 3, 2018

Respectfully submitted,

JOSHUA E. ABRAHAM, ESQ.

_____
477 Madison Avenue, Suite 1230
New York, New York 10022
P: (646) 245-6710
F: (646) 201-4454
josh@joshabrahamlaw.com

*Attorney for Plaintiff LifeTree Trading PTE., LTD.*